IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KIRK MARKHAM | ) | |
| | ) | CIVIL ACTION FILE NO. |
| Plaintiff, | ) | |
| | ) | _____ |
| v. | ) | |
| | ) | |
| SHERIFF THEODORE | ) | |
| JACKSON, AND | ) | |
| FULTON COUNTY | ) | |
| SHERIFF'S OFFICE, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF**

COMES NOW, Plaintiff Kirk Markham ("Mr. Markham"), and hereby files this Complaint for Damages and Equitable Relief against Defendants Sheriff Theodore Jackson ("Sheriff Jackson") and Fulton County Sheriff's Office (the "County") as follows:

**NATURE OF ACTION**

Plaintiff Kirk Markham brings this action against Sheriff Jackson and the County (collectively "Defendants") for failure to pay overtime under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §201 *et seq.* Mr. Markham also asserts a claim against the County for breach of contract. Mr. Markham served as

the County's first-ever canine dog handler. Beginning in March 2011 through his retirement in September 2011, Defendants failed to pay Mr. Markham overtime wages for off-the-clock time spent feeding, exercising, training, grooming and cleaning after his canine. As a result, Mr. Markham has been forced to file this suit against Defendants.

## PARTIES

1.

Mr. Markham is a resident of the State of Georgia. At all times relevant to this action, Mr. Markham was an employee of Defendants within the meaning of the FLSA.

2.

Defendant Fulton County Sheriff's Office is a political subdivision of the State of Georgia subject to suits of this kind and nature. The County may be served with a copy of this Complaint and process by serving the Chairman of the Fulton County Board of Commissioners, John H. Eaves, at his business address of 141 Pryor Street S.W., Suite 10044, Atlanta, Georgia 30303.

3.

Defendant Sheriff Jackson is the Sheriff of Fulton County, Georgia. At all times relevant to this action, Sheriff Jackson was the final policy making official

with regard to personnel decisions of the Fulton County Sheriff's Office, including hiring, firing, suspensions and operating procedures. Sheriff Jackson may be served at Fulton County Sheriff's Office, 185 Central Ave, S.W., 9th Floor, Atlanta, Georgia 30303.

4.

At all material times to this Complaint, Sheriff Jackson exerted substantial control over the County's compliance with the FLSA.

5.

Defendants, individually and collectively, are employers within the meaning of the FLSA.

6.

Defendants, individually and collectively, are an "enterprise engaged in commerce or in the production of goods or services for commerce," pursuant to the FLSA.

7.

As employers engaged in commerce, Defendants are subject to the requirements of the FLSA, 29 U.S.C. 201, *et. seq.*

8.

At all relevant times, Defendants were aware of the existence and requirements of the FLSA, including, without limitation, the duty to pay overtime compensation. Moreover, Defendants were aware of their agreement to pay Mr. Markham overtime pay for performing his canine handler duties.

## **JURISDICTION & VENUE**

9.

This Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§1331, 1367 (a), 29 U.S.C. 1132 and other applicable law.

10.

Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because the unlawful employment practices occurred within the Northern District of Georgia.

11.

Defendants engaged in all of the conduct described herein under color of state and local law, pursuant to the policy, custom, and usage of the County and/ or accomplished such conduct with the approval, ratification, or condoning by County officials who possessed final policy-making and decision-making authority with regard to the conduct described.

12.

Defendants regularly conduct business within this State and District.

13.

Defendants are subject to the jurisdiction of this Honorable Court.

14.

Mr. Markham submits himself to the jurisdiction of this Honorable Court.

## UNDERLYING FACTS

15.

Paragraphs 1-14 are hereby re-incorporated and re-alleged as though fully set forth herein.

16.

Mr. Markham began working for the County on November 20, 1989. Prior to that time, Mr. Markham worked as an Officer for the Atlanta Police Department. Mr. Markham remained employed with the County in various capacities for the next 22 years until he retired on September 26, 2011.

17.

In 2004, the County began participating in the United States Department of Justice Bureau of Alcohol, Tobacco, Firearms and Explosive's ("ATF") Detective Canine Program. In doing so, and as required by the ATF, the County engaged in

a selection process of its prospective canine handlers. Following a rigorous review of all the candidates, the County selected Mr. Markham as its first-ever canine handler.

18.

Upon his selection as the County's canine handler, Mr. Markham attended the mandatory training provided by the ATF's Canine Training Branch in Front Royal, Virginia. For ten (10) weeks, Mr. Markham trained seven (7) days a week so that he could become an ATF certified canine handler.

19.

The ATF also issued other mandates and conditions to the County and Mr. Markham as participants in its program, including those requiring that the County properly pay Mr. Markham overtime for his handler duties.

20.

In light of the ATF's mandates, the County entered into a Memorandum of Understanding Concerning Canine Care, Maintenance and Training ("Memorandum of Understanding") with Mr. Markham and all officers in the canine unit who were assigned a canine partner.

21.

The Memorandum of Understanding outlined specific duties and responsibilities for the canine handlers. Those duties included feeding, grooming, and veterinarian services for the canine. The Memorandum of Understanding expressly noted that handlers were "expected to train the canine at home, during off-duty hours, off days, and/or holidays." (See Exhibit A).

22.

The Memorandum of Understanding also outlined an overtime pay schedule for the handlers to ensure that they were paid fairly and in accordance with the Fair Labor Standards Act ("FLSA"). (See Exhibit A). For example, handlers would "receive one (1) extra hour of pay for each day that the handler is scheduled to work." (See Exhibit A). The County specifically noted its "intention to fully compensate the handlers for the care and maintenance of the canine." (See Exhibit A).

23.

Once Mr. Markham became certified, the ATF provided the County and Mr. Markham his canine, "Mokey."

24.

Mokey is a "food reward" dog that required training that was different (and more onerous) than other canines. Still, Mr. Markham embraced the challenge of additional work and fully performed his handler duties in accordance with the ATF's requirements and the County's Memorandum of Understanding. Indeed, Mr. Markham has received numerous awards, distinctions and recognition for his outstanding service.

25.

Beginning in March 2011, and continuing through his retirement on September 26, 2011, the County failed to pay Mr. Markham any overtime pay for performing his handler duties as required by the Memorandum of Understanding, the ATF, and the FLSA.

26.

Beginning in March 2011 and continuing through September 26, 2011, Mr. Markham's supervisors, at the direction of the Sheriff, repeatedly denied his requests for the required pay for performing his handler duties. Such failures, coupled with other improper acts by his management team, prompted Mr. Markham's decision to retire from the County after 22 years.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA")

27.

Paragraphs 1-26 are hereby re-incorporated and re-alleged as though fully set forth herein.

28.

Mr. Markham routinely worked in excess of 45 hours a week during the last three (3) years of his employment with Defendants as its canine handler. Among other things, Mr. Markham was required to work off-the-clock feeding, exercising, training, grooming and cleaning after his assigned canine Mokey.

29.

The County failed to pay Mr. Markham overtime wages for off-the-clock time spent feeding, exercising, training, grooming and cleaning after his canine Mokey. These activities were mandated by the ATF and reasonably necessary to perform his handler duties.

30.

By and through its agent Sheriff Jackson, the County willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime wage compensation to Mr. Markham in accordance with 203 and 207 of the FLSA.

31.

As a direct and proximate cause of the County's conduct, Mr. Markham has been damaged and is entitled to the relief set forth in the prayer for relief below.

## COUNT II BREACH OF CONTRACT AGAIST THE COUNTY

32.

Paragraphs 1-31 are hereby re-incorporated and re-alleged as though fully set forth herein.

33.

O.C.G.A. §13-6-2 provides, that "Damages recoverable for a breach of contract are such as arise naturally and according to the usual course of things from such breach and such as the parties contemplated, when the contract was made, as the probable result of its breach."

34.

The County entered into a Memorandum of Understanding with Mr. Markham and all officers in the canine unit assigned with a canine partner. Specifically, the County agreed to provide handlers "(1) extra hour of pay for each day that the handler is scheduled work." The County failed to abide by the terms of the Memorandum of Understanding.

35.

The County breached its contract with Mr. Markham by failing to pay the required overtime pay.  The County is aware or should have been aware that monetary damages arise naturally and accordingly in the usual course of a breach of contract to pay overtime wages.

36.

As a result of the County's breach of contract, Mr. Markham is entitled to damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Mr. Markham demands a **TRIAL BY JURY** and that the following relief be granted:

    a.    Declaratory Judgment that Defendants have violated The Fair Labor Standards Act by failing to pay overtime wages to Mr. Markham;

    b.    Declaratory Judgment that Defendant Fulton County Sheriff's Office willfully breached its contract with Mr. Markham;

    c.    Liquidated damages in an additional amount equal to back pay and benefits in accordance with 29 U.S.C. §216(b);

    d.    Punitive damages;

    e.    Attorney's fees and costs of litigation pursuant to 29 U.S.C. §216(b);

f. Prejudgment interest; and

g. Any and all such further relief that this Court or the finder of fact deems equitable and just.

Respectfully submitted this 27th day of September, 2012.

                              **PRIOLEAU & MILFORT, LLC**

                              /s/ Job J. Milfort
                              Job J. Milfort, Esq.
                              Georgia Bar No. 515915
                              job@pmlawteam.com

                              505 Pryor Street, S.W.
                              Atlanta, Georgia 30312
                              (404) 681-4886 phone
                              (404) 920-3330 fax

                              *Attorney for Pla intiff*
                              *Kirk Markham*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

<pre>
                                /s/ Job J. Milfort
                                Job J. Milfort, Esq.
                                Georgia Bar No. 515915
</pre>